**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DEBBIE KEITH SCALTER, et al.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 26-0249-WS-M** |
| | ) |
| **STATE FARM MUTUAL** | ) |
| **AUTOMOBILE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

The defendant removed this action based on diversity of citizenship. (Doc. 1). Because the Court could not, on its initial review, confirm the existence of subject matter jurisdiction, it entered an order explaining its concerns and offering the defendant a second opportunity to meet its burden of demonstrating by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.  (Doc. 6). The defendant has taken advantage of that opportunity.  (Doc. 7).  Upon review, the Court concludes that the defendant still has not met its burden.

The complaint alleges that the two plaintiffs ("Scalter" and "Keith") held separate polices of insurance with the defendant, each of which provided uninsured/underinsured motorist ("UM/UIM") coverage; that, following a motor vehicle accident, they made demand for UM/UIM benefits under both of their policies; and that the defendant has denied coverage.  The complaint asserts claims for breach of contract and fraud (based on accepting premiums but then refusing to pay for a covered loss) and seeks indeterminate damages exceeding the state court's jurisdictional threshold.  (Doc. 1-2).

To carry its burden, the defendant relied on demand letters received prior to the filing of this action, in which each plaintiff demands policy limits.  (Doc. 1-3).  The defendant stated in brief that those policy limits were six figures for each plaintiff.  (Doc.

1 at 5).  The defendant argued that the settlement demands were not mere puffery but were entitled to substantial weight because they were "based on Plaintiffs' medical treatment for specific injuries suffered and the medical expenses that have already been incurred."  (*Id.*).

The Court identified three deficiencies in the defendant's showing:  (1) its failure to provide evidence substantiating what its policy limits are; (2) its failure to show that the settlement demands were based on the plaintiffs' medical expenses; and (3) its failure either to identify the tortfeasor's policy limits[1] or to explain why those limits are irrelevant to the amount in controversy, given that the defendant's exposure under Alabama law is only the excess of each plaintiff's damages over the tortfeasor's policy limits (up to the limits of the plaintiffs' policies).  (Doc. 6 at 2-3).

The defendant has now submitted evidence that Scalter has UM/UIM policy limits of $150,000 and medical expenses exceeding $45,000.  The defendant has now submitted evidence that Keith has UM/UIM policy limits of $125,000 and medical expenses exceeding $120,000.  (Docs. 7-1 to -4).

The defendant, however, has neither identified the tortfeasor's policy limits nor explained how the Court, without such information, can conclude -- other than by impermissible speculation -- that the amount in controversy exceeds $75,000 with respect to either plaintiff.[2]

If the tortfeasor is uninsured, then the amount in controversy as to Keith clearly exceeds $75,000, and Section 1367 would then presumably provide supplemental jurisdiction as to Scalter. But if (as is equally likely) the tortfeasor's policy limits are, say, $100,000 per person, that amount presumably must be deducted from the amount in controversy as to each plaintiff.  Although the plaintiffs seek unspecified compensatory and punitive damages under their fraud claim, the defendant has not responded to the

---

[1] The complaint alleges only that the tortfeasor "had no liability insurance coverage, or had insufficient liability coverage to make the Plaintiffs whole."  (Doc. 1-1, ¶ 9).

[2] The defendant correctly recognizes that the damages of Scalter and Keith cannot be aggregated to meet the amount in controversy.  (Doc. 7 at 5).

Court's assessment that the defendant "offers no non-speculative means of estimating the amount placed in controversy by such a demand." (Doc. 6 at 3). And because the settlement demands do not account for the tortfeasor's insurance, the Court cannot give the demands for policy limits substantial weight.

In summary, the defendant has not met its burden of demonstrating the existence of subject matter jurisdiction. For the reasons set forth above, this action is **remanded** to the Circuit Court of Mobile County for lack of such jurisdiction.

DONE and ORDERED this 27th day of July, 2026.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

3